**MEMORANDUM ENDORSEMENT**

In re Herman
7:22-cv-5624-NSR

USBC-SDNY 20-35143

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: __10/12/2022__ |

The Court is in receipt of *pro se* Appellant-Debtor's petition for a Writ of Mandamus directing the Honorable Cecilia Morris, the Bankruptcy Court Judge who presided over the underlying bankruptcy, to either sign or reject her proposed Order to Show Cause to stay her bankruptcy pending appeal. (ECF No. 23 ("Writ of Mandamus Petition").) As indicated by this Court's two previous orders, a party seeking a stay pending appeal must file such application initially in the Bankruptcy Court. Fed R. Bankr. P. 8007(a)(1). (*See* ECF Nos. 15 and 18). Appellant-Debtor states that a clerk at the Bankruptcy Court represented that Judge Morris "did not sign [the Order to Show Cause] because the case was appealed and [the Bankruptcy Court had no jurisdiction," and that "[v]ia her clerk, she is still adamant that she will not act." (*Id*. ¶¶ 6, 7.)

The Court DENIES the petition for a Writ of Mandamus. The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361. Mandamus relief is a drastic remedy that should be used only in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 34 (1980). To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means [exist] to attain the relief [s]he desires, (2) the party's right to ... the [relief] is clear and indisputable, and (3) the [relief] is appropriate under the circumstances." *Mortimer v. Chapman*, No. 21-CV-0877 (LLS), 2021 WL 467129, at *2 (S.D.N.Y. Feb. 5, 2021), *appeal dismissed* (May 28, 2021).

Here, Appellant-Debtor has not satisfied the elements for obtaining mandamus relief. Appellant-Debtor has not pleaded any facts or provided any arguments showing that she has a clear and indisputable" right to have this Court mandate the Bankruptcy Court to decide on the Order to Show Cause. The Bankruptcy Court's decisions regarding the management of its docket are discretionary. *See In re Fletcher Intern. Ltd.*, 536 B.R. 551, 557 (S.D.N.Y. 2015). Moreover, with respect to an actual grant of stay, "the decision to grant or deny a stay pending appeal is within the discretion of the bankruptcy court. *Regan v. Hon*, No. 3:20-CV-00846 (BKS), 2021 WL 466535, at *3 (N.D.N.Y. Feb. 9, 2021).

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 23. The Clerk of the Court is also kindly directed to mail a copy of this order to *pro se* Appellant-Debtor, and to show service on the docket.

Dated: October 12, 2022
    White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NY

---------------------------------------------------------x

                       : Prior Case # 20 - 35143

In re Herman              : 2022-cv-05624

     Debtor/Appellant     :

                       :

PLEASE TAKE NOTICE that the petitioner, Kathleen Herman, based on her affidavit dated October 6, 2022, and all the papers and pleadings had to before will more this court at the Courthouse, 300 Quarropas St., White Plains, N.Y. at 10 a.m. on October 21, 2022 pursuant to FRCP 27 for an Order of mandamus directing the Hon. Cecilia Morris, a Federal bankruptcy court judge sitting in Poughkeepsie, N.Y. to either sign or reject a proposed Order to Show Cause submitted by Ms. Herman for signature on or around September 20, 2022, together with such other and further relief as the court deems just.

Respectfully,

Kathleen Herman /s/s

Kathleen Herman, *pro se* Dated October 6, 2022

U.S. DISTRIC COURT FOR
THE SOUTHERN DISTRICT OF NY

------------------------------------------------------------x
                                    : Prior Case # 20-35143
In re Herman                        : 2022-cv-05624
      Debtor/Appellant              :
                                    :
_____

1. This affidavit is submitted by the self-reprinted petitioner in this action in support of her petition a writ of mandamus pursuant to FRCP 21(a) requiring the Bankruptcy judge to either sign or reject an Order to Show Cause which has been sitting on her desk for two weeks.

2. I am caught in a legal tennis match in which the District court will not entertain such an OSC until it has been acted on by the Bankruptcy judge, who says (through her clerk) that she cannot act because jurisdiction has been removed to the District Court by my appeal of her Order dismissing my Chapter 13 petition. In turn, the District court says it cannot address the issue because the lower court hasn't put anything in writing.

3. I seek to resolve this Catch-22 impasse by having this court issue an Order requiring her to either sign or reject the OSC.

4. The Bankruptcy court is the "inferior court" to this Court as described in statutes authorizing a writ of mandamus to decide, 28 USC 158. *In re: Joint Asbestos Litigation,* 982 F. 2d 721. (2nd Circuit t (1992)),

1

5. On September 7, 2022 (Doc. 15) District court declined to sign an Order to Show Cause in this action because the relief I sought was over-reaching and because I had not previously filed it with the Bankruptcy court. (*In re Herman*, 4:2020-Bk-20248)

6. I immediately filed a scaled-down proposed OSC following the outlines suggested by the District court order, a copy of which is attached. Having heard nothing, my partner, Jeff Ghiazza called the Bankruptcy court, and was told by the judge's clerk that she did not sign it because the case was appealed and she had no jurisdiction. (Doc 16)

7. I wrote to the District court which still declined to sign an OSC because the Bankruptcy judge had issued nothing in writing. Via her clerk, she is still adamant that she will not act. The only way to resolve this is by *mandamus* issuing from this court.

8. The All Writs Act, 28 U.S.C. § 1651(a), confers the power of mandamus on federal appellate courts. Mandamus may be appropriately issued to confine an inferior court to a lawful exercise of prescribed jurisdiction, or when there is an usurpation of judicial power. *See Schlagenhauf v. Holder*, 379 U.S. 104 (1964). Mandamus may be employed to keep a lower a court from interposing unauthorized obstructions to the actions of a higher court. See *United States v. District Court*, 334 U.S. 258, 263 (1948).

2

9. The power of a district court to compel official action by mandatory order
is limited to the enforcement of nondiscretionary, plainly defined, and purely
ministerial duties. See *Decatur v. Pa*ulding, 39 U.S. (1 Pet.) 496, 514-17 (1840);
*Work v. Rives*, 267 U.S. 175, 177 (1925); *Wilbur v. United States*, 281 U.S. 206,
218( 1930).

10. The decision to sign or reject my proposed Order to Show cause ispirely
a ministerial action inasmuch as "the duty in a particular situation is so plainly
prescribed as to be free from doubt and equivalent to a positive command."

11. In the underlying issue, I had made timely payments of $5,200 in a
Chapter 13 plan, but the U.S. Trustee and my lawyer put their interests over mine
by absorbing all but $5 of the accumulated funds for their own fees, and the
Trustee then asking the Bankruptcy judge to dismiss the petition because it is no
longer financially viable.

12. I swear under penalty of perjury pursuant to the U.S. Code that the above
statement is true,

WHEREFORE, I ask that this court by mandamus to direct the Bankruptcy
judge to perform the ministerial duty of signing or rejecting the Order to Show
Cause before herm together with such other and further relief as the court deems
just.

3

Respectfully,

Kathleen Herman, /s/s/

Kathleen Herman, *pro se*   Dated: October 6, 2022

## CERTIFICATE OF TYPEFACE LENGTH

The above affidavit in support of motion is printed in 14-point Times Roman and  consists of 625 words.

Respectfully,

Kathleen Herman /s/s/

Kathleen Herman, *pro se* Dated: October 6, 2022

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Kathleen Herman_

_(List the name(s) of the plaintiff(s)/petitioner(s).)_

22 Civ. _05624_ ( ) ( )

- against -

**AFFIRMATION OF SERVICE**

_Krista Preuss_

_(List the name(s) of the defendant(s)/respondent(s).)_

I, _(print your name)_ _JEFF Chiazza_, declare under penalty of perjury that I
served a copy of the attached _(list the names of the documents you served)_: _Affidavit in_
_Support & Notice of motion_

upon all other parties in this case by _(state how you served the documents, for example, hand delivery,_
_mail, overnight express)_ _Certified_ to the
following persons _(list the names and addresses of the people you served)_: _Krista Preuss_
_399 Knollwood Rd suite 102 White Plains New York_
_10603_

on _(date you served the document(s))_ _Oct 6 2022_.

_10-6-2022_
Dated

Signature
_52 Pine Holl Rd_
Address
_Pleasant Valley_
City, State
_New York_
Zip
_12569_
Telephone Number
_845-264-1620_

E-Mail Address

Rev. 01/2013