UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED:  4/24/2023_____

IN RE: KATHLEEN HERMAN

        Debtor.

---

KATHLEEN HERMAN,

        Appellant,

  -against-

KRISTA M. PRUESS, as CHAPTER 13 TRUSTEE

        Appellee.

No. 22 Civ. 5624 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

This *pro se* appeal arises from the Bankruptcy Court's June 8, 2022 Order (ECF No. 1, hereinafter "Bankruptcy Court Order") dismissing Appellant Kathleen Herman's ("Herman" or "Appellant") motion to reconsider the dismissal of her Chapter 13 bankruptcy petition before the United States Bankruptcy Court for the Southern District of New York, Case No. 20-35143 (CGM).  Herman brings this appeal against the Chapter 13 Trustee, Krista M. Preuss (hereinafter, "Appellant" or "Trustee").

Herman filed the instant appeal on July 1, 2022.  (ECF No. 1.)  For the following reasons, the Bankruptcy Court's Order is AFFIRMED in its entirety.

## BACKGROUND

The following facts are derived from the Court's review of the underlying Bankruptcy Court docket.  (*See* Case No. 20-35143, hereinafter "Bankruptcy Court Docket").

Herman, an individual residing in Pleasant Valley, NY, filed a Chapter 13 petition in the Bankruptcy Court for the Southern District of New York on February 3, 2020.  (Bankruptcy Court Docket, ECF No. 1.)  Under her proposed Chapter 13 plan, Herman agreed to pay $200 a month for 36 months to cure mortgage arrears in connection with her two properties in New York and Florida.  (*Id*. at ECF No. 9 ("Model Chapter 13 Plan"); *id*. at ECF No. 20 ("Amended Model Chapter 13 Plan")).   At the time that she filed her Chapter 13 petition and throughout the underlying bankruptcy proceeding, Herman was represented by Julius Rivera, Esq. ("Mr. Rivera").

 In connection with the Chapter 13 proceeding, on August 17, 2020, the Court granted Herman's request to participate in the Loss Mitigation Program[1] with her creditors with respect to her New York property, and Mr. Rivera represented Herman in that program. (*See id*., ECF Nos. 29, 34.)  However, in November 2021, the Court terminated Loss Mitigation after no agreement was reached between Herman and her creditors.  (*Id*., ECF Nos. 122, 123.)  The Court thereafter lifted the stay of foreclosure on the New York property on November 10, 2021.  (*Id*. at ECF No. 124.)  In addition, following a hearing on November 23, 2021, the Bankruptcy Court granted Mr. Rivera's request for additional professional compensation in the amount of $7,923.00 in connection with his representation of Herman in the Loss Mitigation program.  (*Id*., ECF No. 125.) At that point, Mr. Rivera had already filed an initial administrative claim for legal fees in the amount of $4,550.00 (*Id*.)   In the Bankruptcy Court's November 24, 2021 order granting Mr. Rivera's application for additional allowance of compensation, the Bankruptcy Court ordered that

---

[1]     "The purpose of the Loss Mitigation Program is to function as a forum for debtors and lenders to reach consensual resolution whenever a debtor's residential property is at risk of foreclosure by opening the lines of communication between the debtors' and lenders' decision-makers. The Loss Mitigation Program is a procedural mechanism that provides the debtor and the creditor the opportunity to get a decision regarding the home loan, so that the debtor can take the next step in the bankruptcy, whether it is confirming a chapter 13, three to five year, plan, or seeking an immediate discharge in chapter 7."  *See* The Hon. Cecelia G. Morris & Mary K. Guccion, The Loss Mitigation Program Procedures for the United States Bankruptcy Court for the Southern District of New York, 19 Am. Bankr. Inst. L. Rev. 1, 4 (2011).

the "Chapter 13 Trustee pay the fees awarded to debtors counsel, Julius A. Rivera Jr., to the extent available, from the funds on hand." (*Id.*)

A Chapter 13 confirmation hearing was initially scheduled for March 24, 2020 (*see id.* at ECF No. 4) but was continually adjourned until (*See id.*, ECF Nos. 18, 22, 41, 47, 60, 61, 69, 73, 87, 89, 98, 109, 116, 128, 132, 133.)  The confirmation hearing was finally scheduled for April 5, 2022.  (*See id.*, ECF Nos. 133, 134.)

The claims in Herman's Chapter 13 petition were as follows:

| | |
|---|---|
| Claim No. 1: Julius Rivera, Esq | $4,550.0 (Administrative Attorneys' fees) |
| Claim No. 2: Nationstar Mortgage, LLC | $56,657.89 (Secured)<br><br>$2,041.90 (Mortgage Arrears) |
| Claim No. 3: Verizon | $55.19 (unsecured) |
| Claim No. 4: Federal Home | $290,347.70 (Secured)<br><br>$5,644.86 (Mortgage Arrears) |
| Claim No. 5: Julius Rivera, Esq. | $7,923.00 (Administrative Attorneys' fees) |

*See* Bankruptcy Court Docket, Claims Register; *see also* C.A. No. 22cv5624, ECF No. 17-1.

Over the course of the bankruptcy proceeding, Herman managed to pay $5,200, but she missed an installment in February 2022 because she was out of work due to the COVID-19 pandemic, and because she was recovering from a non-elective hip surgery.  Soon after Herman missed payment, the Trustee moved to dismiss the plan on March 2, 2022, arguing that the plan was not adequately funded.  (*See* Bankruptcy Court Docket, ECF Nos. 135, 136.)  In the Trustee's application to move for dismissal, the Trustee argued that the Chapter 13 plan was not adequately funded "as a result of a post-confirmation fee application granted in favor of Julius Rivera, Esq." (*Id.*, ECF No. 135, ¶ 2.)  In addition, the Trustee argued that Herman failed to submit timely

payments as required under 11 USC § 1325(a)(6) was $200.00 in arrears. (*Id*., ECF No. 135, ¶ 3.)

Mr. Rivera did not oppose the motion to dismiss on Herman's behalf, and the motion to dismiss

was granted, following a very brief hearing on April 5, 2022. (*See id*., ECF Nos. 138, 158.)  In the

order granting dismissal, the Bankruptcy Court states that the "Debtor's proposed chapter 13 plan

is not feasible as it is not adequately funded to provide full repayment of the secured claims as

required by 11 U.S.C. 1325(a)(5)," and therefore, there was cause for dismissal of the Chapter 13

case.  (*Id*., ECF No. 138.)  The Chapter 13 plan was therefore never confirmed.

After the motion to dismiss was granted, Herman fired her counsel.  Herman then moved,

*pro se*, to reconsider the dismissal of the case on May 9, 2022, which the Bankruptcy Court denied

on June 8, 2022, following a hearing on June 7, 2022.  (*See id*., ECF Nos. 140, 146, 151.)  As

indicated during the June 7, 2022 hearing, the Bankruptcy Court denied reconsideration of the

motion to dismiss after finding that Herman did not state any new facts that would alter the decision

to grant dismissal, and that dismissal had been granted without opposition by her counsel.  (*See

id*., ECF No. 151 at 8–10.)  The Bankruptcy Court suggested to Herman that she should "start all

over again" and pursue another Chapter 13 plan in light of her changed financial outlook.  (*See id*.,

ECF No. 151 at 10.)  The Bankruptcy Court also indicated that because Herman's Chapter 13 plan

was not confirmed, Herman should receive her money in the Chapter 13 fund, minus Trustee fees,

via check.  (*See id*., ECF No. 151 at 11.)  However, Herman and her housemate, Mr. Ghiazza,

indicated on the record that they did not receive a check over mail, but would confirm with

Trustee's counsel.  (*See id*., ECF No. 151 at 12.)

Herman filed the instant appeal on July 1, 2022.  (*See* C.A. No. 22-cv-5624, ECF No. 1.).

Herman filed her opening brief on August 1, 2022 (*See id*., ECF No. 8. ("Appellant Br.")) and

reply brief on November 7, 2022.  (*See id.*, ECF No. 25 ("Reply Br.")) Trustee filed her opposition on September 23, 2022 (*See id.*, ECF No. 17 ("Appellee Br.")).

## STANDARD OF REVIEW

A district court hearing an appeal from a bankruptcy court reviews the bankruptcy court's findings of fact under the "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the *de novo* standard.  *See In re Bennett Funding Group, Inc.,* 146 F.3d 136, 137 (2d Cir. 1998).  Under *de novo* review, the Court affords no deference to the Bankruptcy Court's decision and decides the question as if no decision had been previously rendered.  *See In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP), *aff'd*, 242 F.3d 367 (2d Cir. 2000) ("A *de novo* review allows us to decide the issue as if no decision had been previously rendered . . . .  No deference is given to the Bankruptcy Court's decision.") (quoting *In re Miner*, 229 B.R. 561, 565 (2d Cir. BAP 1999)).

By contrast, review for clear error is much more deferential to the bankruptcy court's findings.  Clear error exists "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  While the lower court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden.  "To be clearly erroneous, a decision must strike [us] as more than just maybe or probably wrong; it must . . . strike [us] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Reilly*, 245 B.R. at 772 (quoting *In re Miner*, 229 B.R. at 565). "Particular deference is given to a bankruptcy court's findings on credibility." *In re Portaluppi*, 609 F. App.'x 30, 31 (2d Cir. 2015) (citing *In re CBI Holding Co.*, 529 F.3d 432, 450 (2d Cir. 2008)).

The court reviews mixed questions of law and fact either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual. *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc.*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (internal quotation and citation omitted); *In re Gordon*, 577 B.R. 38, 49 (S.D.N.Y. 2017) ("Bankruptcy courts have the discretion to decide an issue without holding an evidentiary hearing, and a district court can reverse such a decision only if it amounts to an abuse of discretion.").

District courts should liberally construe a *pro se* litigant's submissions and interpret them "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

Construing the *pro se* arguments liberally, Herman appeals the denial of her motion to reconsider the dismissal of her Chapter 13 petition on the following basis: (i) that the Court erroneously dismissed her Chapter 13 petition because her plan was viable; and (ii) the Bankruptcy Court erroneously granted Mr. Rivera's professional fees, which depleted the Chapter 13 fund. (Appellant Br. at 4–5, 13.)  Herman also argues that the Trustee breached her fiduciary duty and acted negligently in allowing the funds to become depleted by paying Mr. Rivera.  (*Id.* at 4, 12–13, 14.)  Herman asks that the Court issue an order reinstating her Chapter 13 petition and disgorging Mr. Rivera of the compensation he obtained from the Chapter 13 fund.  (Appellant Br. at 4-5.)

For the reasons articulated below, the Court DISMISSES Herman's bankruptcy appeal.

## I.   RECORD ON APPEAL IS NOT COMPLETE

The bankruptcy appeal docket indicates that the "Record of Appeal is NOT Complete and Available Electrically."  (C.A. No. 22-cv-5624, ECF No. 4.)  While Herman timely filed a statement of issues to be decided, there is no designation of the record as required under Fed. R.

Bankr. P. 8009(a).  Under Federal Rule of Bankruptcy Procedure 8009(a)(1)(A), the appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A).  The appellant must "file and serve the designation and statement within 14 days after (i) the appellant's notice of appeal as of right becomes effective under Rule 8002 ... or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1)(B).  Finally, the appellant must either order a copy of the transcript of any proceedings not on file or "file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript."  Fed. R. Bankr. P. 8009(b)(1)(A)–(B).  Asides from the Bankruptcy Court's June 8, 2022 Order attached to the Notice of Appeal, Herman does not file any transcript in connection with the Bankruptcy Court's June 8, 2022 Order, or otherwise provide any citations to the underlying Bankruptcy Court docket.

Nor does Herman's appellant brief comport with Rule 8018 of the Federal Rules of Bankruptcy Procedure, which requires an appellant to serve and file with their principal brief excerpts of the record as an appendix.  *See* Fed. R. Bankr. P. 8018.

Notably, when an appellant fails to take any step under the Federal Rules of Bankruptcy Procedure other than the timely filing of a notice of appeal, the Court has the discretion to take whatever action it considers appropriate. Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for the district court or BAP to act as it considers appropriate, including dismissing the appeal.")

On one hand, while a *pro se* filing is granted "special solicitude," *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (citations omitted), "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case," *Mena v. City of*

*New York*, No. 15 Civ. 3707 (ALC), 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017). Moreover, *pro se* litigants also are "required to learn and comply with procedural rules." *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008), *aff'd*, 327 F. App'x 260 (2d Cir. 2009); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, ... *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citations omitted)).

On the other hand, courts have suggested that failure to complete and timely file designation of records on appeal should not automatically be grounds for dismissal. *See In re Harris*, 464 F.3d 263, 271 (2d Cir. 2006) ("Outside of the specific Rule 8001 context, other courts have likewise permitted bankruptcy appeals to continue despite a party's failure to file a complete and timely non-jurisdictional designation of record on appeal.") (citing cases); *see id.* at 272 ("because dismissal is a harsh sanction, moreover, we generally require a district court to consider whether a lesser sanction would be appropriate.") Courts take into consideration "whether counsel's behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *Id.*

There is no indication that Herman's failure to designate the record was a result of bad faith or a pattern of negligence. The Trustee also does not appear to have been prejudiced by Herman's failure to designate the record, given that the Trustee timely filed her appellee brief and included her own version of the record on appeal along with her brief. (*See* C.A. No. 22-cv-5624, ECF No. 17-5.)

In light of Herman's *pro se* status, the Court finds that although Herman failed to designate the record on appeal in the bankruptcy appeal docket, dismissal is not warranted here. The Court

may review the relevant documents that Trustee attaches to her appellee brief, and take judicial notice of the items in the underlying Bankruptcy Court Docket. *See, e.g., In re 22 Fiske Place*, LLC, No. 21 CIV. 8087 (KPF), 2022 WL 2819093, at *1 (S.D.N.Y. July 18, 2022) ("Accordingly, the facts set forth in this Opinion are drawn from the record specified in Appellant's designation under Federal Rule of Bankruptcy Procedure 8009 and the docket of the bankruptcy case . . . .") (internal citations omitted); *see also In re Abraham*, No. 1:21-CV-1628-MKV, 2021 WL 5597939, at *1 (S.D.N.Y. Nov. 30, 2021) ("Although Appellant failed to designate the record in connection with her appeals, [Appellee] appended several portions of the record of the bankruptcy proceedings to its Motion to Dismiss. The Court has also, on its own, reviewed the docket of the bankruptcy case and the adversary proceeding and is able conduct a fully informed review of the decision below and "address the merits (or lack thereof) of [Appellant's] arguments based on the record as it currently stands.").

## I.     FIDUCIARY DUTY AND NEGLGIENCE CLAIMS

From the outset, as Trustee argues and based on the Court's review of the Bankruptcy Court Docket, Herman raises claims against the Trustee for breach of fiduciary duty and negligence for the first time in this instant appeal.  (Appellee's Br. at 7.)  Therefore, the Court will not consider these claims herein.  *See Zaks v. Mosdos Chofetz Chaim, Inc*., No. 21-CV-10441 (PMH), 2022 WL 4783215, at *4 (S.D.N.Y. Oct. 3, 2022) (argument not raised in the Bankruptcy Court is waived); *see also Paese v. Hartford Life & Accident Ins. Co*., 449 F.3d 435, 446 (2d Cir. 2006) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below . . . waiver will bar raising the issue on appeal.").

In addition, as the Trustee points out, the Bankruptcy Court approved Mr. Rivera's request for fees on November 24, 2021, ordering the Trustee to "pay the fees awarded to debtors counsel,

Julius A. Rivera Jr., to the extent available, from the funds on hand." (Appellee's Br.at 11–12; C.A. No. 22-cv-5624, ECF No. 17-4 (Order Granting application for Allowance of Compensation, dated November 24, 2021); *see also* Bankruptcy Docket at ECF No. 125 (same)). The fact that the Trustee paid Mr. Rivera his fees from the Chapter 13 fund pursuant to the Bankruptcy Court's order belies Herman's allegations that the Trustee breached a fiduciary duty or acted negligently.

## II.    THE BANKRUPTCY COURT PROPERLY DENIED RECONSIDERATION

For the reasons stated below, the Court finds that the Bankruptcy Court did not err in denying Herman's motion for reconsideration of the dismissal of her Chapter 13 petition. The standard of review for the denial of a motion for reconsideration is abuse of discretion. *In re Hoti Enterprises, L.P.*, No. 12 CV 8030 VB, 2013 WL 1812197, at *9 (S.D.N.Y. Apr. 26, 2013), *aff'd sub nom. In re Hoti Enterprises L.P.*, 562 F. App'x 1 (2d Cir. 2014) (citing *Bank of Am. Nat. Ass'n v. AIG Fin. Prods. Corp.*, 2013 WL 1352520, at *3 (2d Cir. Apr. 5, 2013)). "A ruling is an abuse of discretion only if the bankruptcy court 'bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact.'" *Peskin v. Picard*, 440 B.R. 579, 584 (S.D.N.Y.2010) (quoting *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir.2005)). However, "[w]here the moving party seeks solely to relitigate an issue already decided," reconsideration is inappropriate. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d. Cir.1995).

Reconsideration motions in bankruptcy proceedings are considered under Bankruptcy Rule 9023 and Bankruptcy Rule 9024. Under Bankruptcy Rule 9023, which incorporates Fed. R. Civ. P. 59, a party can move to alter or amend a judgment by arguing that an intervening change in the controlling law or facts should alter the previously made decision. *In re Residential Cap., LLC*, No. 15 CIV. 3248 (KPF), 2016 WL 796860, at *16 (S.D.N.Y. Feb. 22, 2016); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Bankruptcy Rule 9024, which incorporates Fed.

R. Civ. P. 60(b), allows a court to relieve a party from final judgment for the following reasons: "(1) [mistake, inadvertence, surprise, or excusable neglect], (2) [newly discovered evidence], and (3) [fraud] no more than a year after the entry of the judgment or order or the date of the proceeding." *See In re Zarour*, No. 22 CIV. 3665 (NSR), 2023 WL 315303, at *3 (S.D.N.Y. Jan. 19, 2023) (citing Fed. R. Bankr. P. 9024).

For the reasons stated below, the Court finds that the Bankruptcy Court did not abuse its discretion in denying the reconsideration motion.

**A. No Error in Dismissal of Chapter 13 Plan in April 2022**

The Court first looks at whether there was any error in the underlying dismissal which Herman later moved to reconsider. As articulated above, the Bankruptcy Court granted the Trustee's motion to dismiss the Chapter 13 plan, which was unopposed by Herman's counsel (which Mr. Rivera confirmed on the record at the April 5, 2022 hearing), in an order entered on April 20, 2022. (Bankruptcy Court Docket, ECF No. 138 (April 20, 2022 Order); *see also id*., ECF No. 158 (Transcript of April 5, 2022 hearing)). In the Trustee's application to move to dismiss the case, the Trustee argued that the Chapter 13 plan was not adequately funded "as a result of a post-confirmation fee application granted in favor of Julius Rivera, Esq." (Bankruptcy Docket, ECF No. 135, ¶ 2.) and because Herman failed to submit timely payments as required under 11 USC § 1325(a)(6) and was in arrears in the amount of $200.00. (Bankruptcy Docket, ECF No. 135, ¶ 3.) In the order granting dismissal, the Bankruptcy Court states that the "Debtor's proposed chapter 13 plan is not feasible as it is not adequately funded to provide full repayment of the secured claims as required by 11 U.S.C. 1325(a)(5)," and therefore, there was cause for dismissal of the Chapter 13 case. (Bankruptcy Court Docket, ECF No. 138.)[2]

---

[2]    11 U.S.C. § 1307(c) of the Bankruptcy Code provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court ... may dismiss a case under this chapter ... [if it] is in the best

Notably, the Court did not provide any form of legal analysis when granting dismissal during the April 5, 2022 hearing on the motion to dismiss nor in the April 20, 2022 Order.  (See Bankruptcy Court Docket, ECF No. 138, 158.)  Though the Court would have preferred that the Bankruptcy Court provide an analysis of its reasoning regarding why it was dismissing the Chapter 13 petition, Herman ultimately had the burden to prove that the plan was feasible, which she (or rather, her counsel) failed to do by not opposing the Trustee's dismissal motion.  *In re Jensen*, 425 B.R. 105, 109 (Bankr. S.D.N.Y. 2010) ("Debtors have the burden to prove that their plans are feasible.").  Therefore, the Bankruptcy Court did not err in dismissing the Chapter 13 petition.

## B.  No Abuse of Discretion in Denying Reconsideration

Herman submitted a reconsideration motion *pro se*, explaining that after having recovered from her hip replacement surgery, she was now able to be timely on payment, and requested that her Chapter 13 plan be reinstated.  (Bankruptcy Court Docket, ECF No. 140.)  The Bankruptcy Court denied reconsideration because (i) Herman filed for reconsideration late and (ii) the Bankruptcy Court determined that Herman did not allege new factual allegations to alter the dismissal decision.  (Bankruptcy Court Docket, ECF No. 151, at 8, 9–10.)

The Bankruptcy Court does not articulate why the filing of Herman's motion for reconsideration was late.  The Bankruptcy Court also does not indicate whether it construed Herman's *pro se* reconsideration motion as one under Fed. R. Bankr. P. 9023 or Fed. R. Bankr. P. 9024.  A reconsideration motion under Fed. R. Bankr. P. 9023 (which incorporates Fed. R. Civ. P. 59 and applies to alteration or amendment of judgments) must be filed within fourteen days after entry of the order.  *See in re Residential Cap., LLC*, No. 15 CIV. 3248 (KPF), 2016 WL 796860,

---

interests of creditors and the estate, for cause."  Section 1307(c) enumerates eleven non-exhaustive grounds which constitute sufficient cause for the dismissal or conversion of a Chapter 13 case.  *In re Zubair*, No. 20 CV 8829 (VB), 2021 WL 4974811, at *9 (S.D.N.Y. Oct. 26, 2021) (citing *In re Froman*, 566 B.R. 641, 647 (S.D.N.Y. 2017)).

at *15 (S.D.N.Y. Feb. 22, 2016) ("Rule 9023 requires that "[a] motion ... to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment"). Here, the Court's order dismissing the case was docketed on April 20, 2022, and Herman filed her motion to reconsider on May 5, 2022, meaning that Herman was tardy by only five days. However, a reconsideration motion under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60 and is invoked to grant relief from a final judgment, order, or proceeding, may be considered even if filed after fourteen days. *See In re Residential Cap., LLC*, No. 15 CIV. 3248 (KPF), 2016 WL 796860, at *15 (S.D.N.Y. Feb. 22, 2016); *see also In re Enron Corp.*, 352 B.R. 363, 368 (Bankr. S.D.N.Y. 2006) (construing motion filed after the time specified in Fed. R. Civ. P. 59(e) as a motion under Fed. R. Civ. P. 60). While the reconsideration motion should be considered timely if construed as one under Fed. R. Bankr. P. 9024, the Court finds that the Bankruptcy Court merely made harmless error when finding that Herman's application was late, as the Bankruptcy proceeded to entertain Herman's reconsideration motion on the merits. *See In re Residential Cap., LLC*, 2016 WL 796860, at *15 ("Even were the Court to find otherwise, it would conclude that any error was harmless, because the Bankruptcy Court proceeded to analyze Rozier's Reconsideration Motion under Bankruptcy Rule 9023 (and Rule 9024) notwithstanding the late filing.").

On the merits, the Bankruptcy Court considered Herman's new allegations that she only missed one payment due to her loss of income during the COVID pandemic and her hip surgery, but that she was now able to pay timely. (*See* Bankruptcy Court Docket, ECF No. 151 at 7.) The Bankruptcy Court noted that these facts were not provided to her on the motion to dismiss (which went unopposed thanks to Herman's counsel), but that such facts did not alter her finding that the proposed Chapter 13 plan was not viable because there were insufficient funds to satisfy "what needed to be done under the plan." (*Id*. at 9–10.)

Upon the Court's own review of the record, the Court finds no clear error in the Bankruptcy Court's determination that the proposed Chapter 13 plan, which required her to pay $7,200 to resolve her bankruptcy petition, was insufficient to cover the claims by Herman's debtors (approx. $7,751.95) plus Mr. Rivera's fees ($12,473.00). *See supra*, Background Section; *see also In re Zubair*, 2021 WL 4974811, at *9 (S.D.N.Y. Oct. 26, 2021) ("Courts have also upheld the dismissal of Chapter 13 petitions when the plan was not feasible, and therefore not confirmable").

### C.  Attorneys' fees granted to Mr. Rivera from the Chapter 13 fund

While not raised before the Bankruptcy Court, Herman spends substantial portions of her briefs arguing that her counsel was impermissibly granted permission to be paid from the Chapter 13 fund, which in turn rendered her Chapter 13 plan inadequately funded. (*See* Appellant's Br. at 13; Reply at 2–4.)  Unfortunately, the appeal before this Court is not on the order granting Mr. Rivera's request for compensation under the plan (*See* Bankruptcy Court Docket, ECF No. 125, Order dated November 24, 2021.  In any event, the Court would not be able to opine on whether the Bankruptcy Court made an error in awarding Mr. Rivera is requested fees, as it does not identify a transcript in the Bankruptcy Court Docket for the November 23, 2021 hearing on Mr. Rivera's application for professional compensation on the Bankruptcy Court Docket.  (*See* November 23, 2021 Minute Entry.)[3] [4]

---

[3]      The standard for reviewing whether an award of compensation is as follows: "In cases where the plan is not confirmed, the Bankruptcy Code requires the Court to utilize a two-part analysis. First, the Court must determine the reasonableness of the requested fee pursuant to 11 U.S.C. § 330. Second, the Court must analyze the debtor's proposed plan, taking into consideration the allowed amount of fees. The Court must ascertain whether an award of fees as requested would render the plan unfeasible or would deem the plan as not proposed in good faith." *In re Tcherneva*, 638 B.R. 676, 684 (Bankr. E.D.N.Y. 2022).  In addition, "The Court is responsible for determining whether the fees requested are reasonable under 11 U.S.C. § 330. A professional requesting approval of fees and expenses bears the burden to prove that the fees and expenses requested are reasonable." *Id.*

[4]      Among other things, Herman argues that the Bankruptcy Court erred by awarding compensation to Mr. Rivera based on his work in the Loss Mitigation program, which Herman argues is a "non-core" proceeding and is therefore not compensable. (*See* Reply at 2–3.)  Putting aside the fact that this argument is improperly raised in the instant appeal, the Court points out that the award of compensation to attorneys for time spent in a Loss Mitigation Program has been considered permissible by several courts, though at least one court has criticized the practice. *See,*

14

Herman also argues that even if Mr. Rivera's fees (which are considered administrative fees under the Chapter 13 plan) were properly awarded, the Trustee should not have distributed his fees before Herman's Chapter 13 plan was dismissed.  (*See* Appellant's Reply at 6.)  The Trustee opposes this assertion by stating that the Trustee's office remitted legal fees to Mr. Rivera on April 25, 2022, which was after the dismissal order was entered on April 20, 2022.  (*See* Appellant Br. at 14.)  Putting aside when Mr. Rivera received his legal fees from the Chapter 13 fund, 11 U.S.C. § 507, which governs priority of claims, shows that administrative fees (like Mr. Rivera's fees) are allocable under 11 U.S.C. § 503(b) and take priority over all claims except those relating domestic support and trustee fees.  *See* 11 U.S.C. § 507(a); *see also* 11 U.S.C. § 503(b)(2) (allowing for administrative expenses, including "compensation and reimbursement awarded under [11 U.S.C. § 330(a) (allowing for reasonable compensation of attorneys)]).  In addition, under 11 U.S.C. § 1326, Mr. Rivera could be paid out his legal fees even if the Chapter 13 plan was not confirmed.  *See* 11 U.S.C. § 1326(a)(2) ("If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors . . . to the debtor, *after* deducting any unpaid claim allowed under [11 U.S.C. § 503(b)]) (emphasis added).  Therefore, the Bankruptcy Court did not err in determining that the proposed Chapter 13 plan

---

*e.g., In re Polanco*, 626 B.R. 12, 27 (Bankr. E.D.N.Y. 2021) ("the Court is satisfied that Tirelli's time billed for loss mitigation is substantially reasonable and proportionate to the issues in the case."); *but see In re Tcherneva*, 638 B.R. 676, 690 (Bankr. E.D.N.Y. 2022) ("Slowly, Chapter 13 has morphed into the pursuit of loss mitigation as its sole purpose in which debtors file cases they never intend to bring to confirmation. These cases are dismissed prior to confirmation, and if they do reach confirmation, the debtors make initial plan payments which repay attorney's fees and then payments stop, leading to unopposed dismissals. Meanwhile, attorneys exclude loss mitigation services from their retainer agreements and rack up additional fees beyond the initial retainer amount and expect these fees get paid out of the plan or other funds held by the Chapter 13 trustee. Attorneys for the mortgagees benefit regardless of whether loss mitigation is successful because they are also getting paid their attorney's fees for simply being a part of the process. The result is that unsecured creditors essentially pay for debtors to retain counsel for loss mitigation without getting paid themselves. This violates the purposes of Chapter 13.").

(which required Herman to pay $7,200 to resolve her bankruptcy petition) was not viable, in light of the claims pending and the amount of administrative fees awarded to Mr. Rivera.

## **CONCLUSION**

Based on the foregoing, the decision of the Bankruptcy Court is AFFIRMED. The Clerk of the Court is kindly directed to CLOSE this case. The Clerk of the Court is also kindly directed to mail a copy of this order to *pro se* Appellant and show service on the docket.

Dated: April 24, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE